**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **ZOEY BACA, as mother of D.S., a minor,** | **PLAINTIFF** |
| **and as heir at law to the Estate of** | |
| **DOMINIQUE RASHAD STEEL, SR.,** | |
| **Deceased, and of Z.S., a minor, and as heir** | |
| **at law to the Estate of DOMINIQUE** | |
| **RASHAD STEEL, SR., Deceased** | |

**VS.**          **CASE NO. 4:26-CV-4047**

**MILLER COUNTY, ARK.**          **DEFENDANT**

**ANSWER TO PLAINTIFF'S COMPLAINT**

Comes Now, Miller County, Arkansas (the "County") by and through its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION, VENUE, PARTIES**

1.      The County admits the allegations contained within Paragraph 1.

2.      The County admits the allegations contained within Paragraph 2.

5.      [1]The County admits Plaintiff Zoey Baca appears to sue as mother of the referred children of the decedent, Dominique Steel.

6.      The County is without sufficient information or knowledge to admit whether the referenced individuals are the Decedent's sole heirs, whether he died intestate, or whether an administration of his estate is pending. As such, the County cannot admit or deny whether any estate administration is necessary. Therefore, the allegations contained within Paragraph 4 are denied.

7.      The County admits the allegations contained within Paragraph 7.

---

[1] The numbered allegations skip from Paragraph 2 to Paragraph 5. Defendants will number according to the Complaint.

1

8.      The County admits the allegations contained within Paragraph 8.

9.      The County admits the allegations contained within Paragraph 9.

**FACTUAL ALLEGATIONS**

10.     The County admits the allegations contained within Paragraph 10.

11.     The County admits the allegations contained within Paragraph 11, with the clarification the "medical emergency" was a self-induced consumption of drugs.

12.     The County admits Steel died as a result of his self-induced consumption, but is currently without sufficient information or knowledge to admit the date of death as alleged in Paragraph 12.

13.     The County denies the allegations contained within Paragraph 13; correctional staff arrived within two to three minutes of notification. The County further denies the allegations of "screams of numerous inmates." Notification came in the form of his cell-mate pressing the emergency button in the cell.

14.     Paragraph 14 contains only legal and medical conclusions, as opposed to factual allegations; as such, no response is required. To the extent a response is required, the allegations are denied.

15.     The County denies the allegations contained within Paragraph 15.

16.     The County admits the allegations contained within Paragraph 16.

17.     The County admits the allegations contained within Paragraph 17

18.     The County admits the allegations contained within Paragraph 18.

19.     The County admits the allegations contained within Paragraph 19.

20.     The County admits the allegations contained within Paragraph 20.

21.     The County admits the allegations contained within Paragraph 21.

22.    The County admits the allegations contained within Paragraph 22.

23.    The County admits the allegations contained within Paragraph 23.

24.    The County admits the allegations contained within Paragraph 24.

25.    The County dies the legal conclusion set forth in Paragraph 25.

## CAUSE OF ACTION

26.    Paragraph 26 contains only legal and medical conclusions, and no response is required. To the extent a response is required, the County is without sufficient information or knowledge to admit whether the Decedent required medical evaluation, and therefore denies the allegations. The County further denies any and all wrongdoing.

27.    The County denies the allegations contained within paragraph 27.

28.    Paragraph 28 contains only a legal conclusion, and no response is required. To the extent a response is required, the County denies the allegations.

29.    The County admits the Plaintiff is entitled to a jury trial on all issues so triable, and would request the same. The County, however, denies any and all wrongdoing as alleged.

## DAMAGES, ATTORNEYS FEES, PRAYER FOR RELIEF

30.    The County denies the allegations contained within Paragraph 30, as well as any entitlement to damages for alleged wrongdoing.

31.    The County denies the allegations contained within Paragraph 30, including subsections a-d, as well as any entitlement to damages for alleged wrongdoing.

32.    The County denies the Plaintiffs will be entitled to attorney's fees and costs, as the County denies any and all wrongdoing as alleged.

33.    The County denies Plaintiffs are entitled to any such relief as set forth in their "Prayer for Relief," including subsections A-E.

## AFFIRMATIVE DEFENSES

1.      Pleading affirmatively, any injuries or damages of were proximately caused by the decedent's own conduct and/or the conduct of others for whom the County is not legally responsible.

2.      Pleading affirmatively, the decedent's actions were the sole cause of any injuries or damages Plaintiff claims to have sustained.

3.      Pleading affirmatively, the County states that decedent's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence(s) made the basis of Plaintiff's Complaint against the County, such that responsibility for such damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

4.      The County plead affirmatively that the Plaintiff has failed to state facts upon which relief can be granted in the form of punitive damages.

5.      The Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and failure to allege sufficient factual support.

6.      The County at all times acted in good faith to comply with all applicable federal and state laws and acted with reasonable grounds to believe that their actions did not violate the statutes cited by Plaintiff, and the County asserts a lack willfulness or intent to violate those statutes as a defense by any claim by Plaintiff for punitive damages.

7.      Pleading affirmatively, the Complaint should be dismissed pursuant to Rule 4 for insufficiency of process.

8.      Pleading affirmatively, the Complaint should be dismissed pursuant to Rule 4 for insufficiency of service of process.

9.      The County affirmatively state that if the Plaintiff should release one or more joint tortfeasors, the Defendants are then entitled to reduce any damages awarded to Plaintiff by the amount stated in Ark. Code Ann. § 16-61-204(c). The County affirmatively states that, pursuant to Ark. Code Ann. § 16-61-204(d) and Arkansas Rules of Civil Procedure 49(c) and 52, effective January 1, 2015, he is entitled to have the jury determine the fault of all joint tortfeasors, including those who may be released following a settlement, in order to determine the released tortfeasor's pro-rata share of responsibility for the Plaintiff's damages.

10.     Defendants demand allocation and apportionment of the relative degrees of fault of all parties who are appropriately at fault under the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq*. and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq*., the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law. Defendants are entitled to have any other party or parties allowable under Arkansas law on the verdict form as a non-party.

11.     Pleading affirmatively, Plaintiff has failed to plead any unconstitutional official custom, policy, or practice.

12.     Pleading affirmatively, Defendants are entitled to dismissal because a Defendant cannot be held liable on the basis of respondeat superior.  *See Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201 (8th Cir. 2013).

13. Pleading affirmatively, the County is entitled to immunity from punitive damages. *See e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981).

14. Any claims for punitive damages are barred because the Defendants have not engaged in any conduct motivated by evil motive or intent, nor have they engaged in any conduct with reckless or callous indifference to federally protected rights.

15. Any claim for punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates separate Defendants' due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

b. An award of punitive damages violates Defendants' due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics of a Defendant; (4) is permitted to award punitive damages under a standard for

determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

c.      An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates the separate Defendant's due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

**RESERVATION OF RIGHT TO PLEAD FURTHER AND OBJECTIONS**

16.     The County reserves the right to plead further and reserves objections on the basis of improper venue, failure to join a party under Rule 19, if any, and the affirmative defenses available under Rule 8, including, but not limited to, discharge in bankruptcy, duress, estoppel, fraud, illegality, laches, release, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

Respectfully submitted,

Jamie Jones Walsworth, #2003125
Daniel Woodyard, #2024128
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201
(501) 370-1430 – phone
(501) 244-5347 – fax
jjones@fridayfirm.com
dwoodyard@fridayfirm.com