**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **ZOEY BACA, as mother of D.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., DECEASED, and of Z.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., DECEASED,** | **CIVIL ACTION NUMBER:**<br><br>**JUDGE** |
| **v.** | **MAGISTRATE JUDGE** |
| **MILLER COUNTY** | **JURY TRIAL** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT comes Plaintiff, Zoey Baca, who wishes to amend her original petition/complain as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 24 U.S.C. §1391(b), as the events complained of occurred in this district and division.

## II. PARTIES

5. Plaintiff, Zoey Baca sues as mother of the children of Dominique Rashad Steel, Sr., D.S. and Z.S. She claims on behalf of D.S. and Z.S. in their individual capacities as wrongful death beneficiaries and as heirs at law to the Estate of Dominique Rashad Steel, Sr.

6. The plaintiffs are Dominique Rashad Steel, Sr.'s sole heirs. Dominique Rashad Steel Sr. died intestate and no administration of his estate is pending and none is necessary.

7. Miller County is a political subdivision of the State of Arkansas. The County funds and operates Miller County Jail, and must ensure that at all times, the jail remains in compliance with federal and state law.

8. At the time of incident, Wayne Easley was the presiding County Sheriff. Easley was the commanding officer of all the Miller County's sheriff's deputies, jailers, and jail employees, and was responsible for their training, supervision, and conduct. Easley was tasked by law, to ensure the custody, safety, medical, and housing of all inmates, including Dominique Rashad Steel, Sr.

9. The County may be served process via County Judge Cathy Miller, at 400 Laurel Street, Suite 115, Texarkana, Arkansas 71854. Miller county is sued solely under federal law.

## II. FACTUAL BACKGROUND

10. Dominique Rashad Steel, Sr. was an inmate in the Miller County Jail.

11. On or about February 27, 2026 Dominique Rashad Steel, Sr. was unresponsive for a period of time and needed medical assistance.

12. On March 1, 2026 Dominique Rashad Steel, Sr. died as a result of the aforementioned medical episode.

13. Despite the screams of numerous inmates explaining that Mr. Steel needed assistance, no jail official reported to Mr. Steel's cell for a period exceeding (40) minutes.

14. The delay in obtaining medical assistance in a timely matter greatly reduced Mr. Steel's chances of survival and contributed to his death.

15. Miller County jail was ineffective at prioritizing the safety of its inmates and providing routine security checks.

16. It is further believed that Mr. Steel's medical episode was brought about by the use/ingesting/ contact with contraband/illegal drugs.

17. It is the duty of the employees/staff of the Miller County jail to ensure that contraband/illegal drugs do not make their way into the jail facility.

18. The Miller County jail failed in its duty to ensure that contraband/illegal drugs do not make their way into the jail facility. On a monthly/yearly basis the Miller County jail has had numerous incidents of illegal drugs/contraband being in the jail facility.

19. The employees of the Miller County jail as a culture/practice/custom of bringing in drugs and contraband and allowing the same to be brought into the jail facility.

20. In 2023, Charles Ziska was found hung in his cell at the Miller County jail.

21. In 2024, Shelly Lang was found dead in her cell at the Miller County jail.

22. In 2024, Hayden Phipps was discovered hanging in his cell in the Miller County jail.

23. In 2025, Harry Cooper was found unresponsive on his cell floor in the Miller County jail.

24. The State of Arkansas provides Minimum Standards for Adult Criminal Detention Facilities, revised 2022. §9-1001. Security requirements & guidelines.

25. According to those guidelines there must be personnel on duty twenty-four (24) hours per day who are awake, alert, and responsive to all situations that might arise. Staffing patterns must be approved annually by the Criminal Detention

Facility Review Committee to ensure that an adequate number of personnel are on duty at all times. Unless exigent circumstances have been documented, if both male and female detainees are confined, both male and female jail personnel shall be on duty.

26. Further, personnel must be able to hear all detainees, either in person or by means of electronic monitoring devices, at all times. At no more than sixty-minute (60) intervals and on an irregular basis, personnel shall visually check all security features of the cell area and account for all detainees. Personnel shall watch for any unusual factors or circumstances and the results of this check shall be logged in writing by the person making the check.

27. Further the Chief Executive shall establish a sick call procedure which extends medical, dental, and mental health services to all detainees. The Chief Executive shall establish an emergency healthcare procedure which provides that mental health services necessary to prevent self-injurious behavior and emergency medical services are available. §10-1003.

28. Finally, a first aid kit and an automatic external defibrillator (AED) shall be available in a secure, but easily accessible, location within the Criminal Detention Facility. A medical training program shall be established for Criminal Detention Facility personnel. At a minimum, the program shall include training in first aid, CPR/AED, and any other available courses that will aid personnel in developing the skills necessary for the recognition and response to medical emergencies. All custody personnel shall maintain certification for life saving techniques and devices. Emergency equipment shall be kept on hand and designated personnel

shall be trained in the use of such equipment with such training noted in their personnel file before permitted to access or use those items. §10-1009.

29. The Miller County jail failed to meet the safety standards set out in the applicable Arkansas statutes. The Miller County jail has a culture/practice/custom of failing to properly supervise jail inmates and seeing to their safety and well-being.

## IV. CAUSES OF ACTION

42 U.S.C. §1983 CLAIM AGAINST MILLER COUNTY

Plaintiffs allege the following;

26. Dominique Rashad Steel Sr. needed medical evaluation while in the custody of Miller County Jail.

27. As per the facility's standards, the personnel on duty were not only to be responsive to situations that may arise, but were given medical training that included first aid, CPR, and other courses that would aid in recognizing and responding to medical emergencies.

28. As a substantial amount of time passed in the jail with no county jail employees to respond, Miller County had an obligation to evaluate Dominique Rashad Steel Sr.'s health, and then render aid, during the incident.

29. The employees of the jail further brought in/allowed to be brought in drugs/ illegal contraband which directly led to Mr. Steel's medical episode.

30. The indifference Miller County showed to its' inmates in custody, which allowed for multiple deaths that the Sheriff and County knew, or should have known would have put the lives of their inmates in danger, violated Dominique Rashad

Steel Sr.'s constitutional rights under the Fourteenth Amendment and so, caused the death of Steel and the Plaintiff's damages.

31. The culture/practice/custom of allowing drugs/contraband into the jail and failing to properly supervise inmates to ensure their safety and well-being violated Mr. Steel's due process and equal protection rights.

32. Plaintiffs are entitled to a jury trial on all issues triable by a jury herein.

## V. DAMAGES

30. The actions and omissions of Defendant, their agents, employees, and/or representatives, proximately caused and/or were the cause of the injuries and damages to the Plaintiffs and were the cause of the wrongful death onto Dominique Rashad Steel Sr., Deceased, Plaintiffs assert claims under 42 U.S.C. § 1983 and the wrongful death and survivorship statues as specifically pled herein.

31. Plaintiffs, in their individual capacity as heirs at law, assert a survival claim on behalf of the estate of Dominique Rashad Steel Sr., which has incurred the damages including, but not limited to, the following:

a. Past physical pain and suffering;

b. Mental anguish;

c. Funeral and/or burial expenses;

d. Attorney fees and costs pursuant to 42 U.S.C. §1988, or as allowed by law.

## VI. ATTORNEY FEES AND COSTS

32. Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to recover attorneys' fees and costs including litigation costs and expert fees, and so claim.

## VII. PRAYER FOR RELIEF

ACCORDINGLY, Plaintiffs request that the Court and Jury:

A. Award compensatory damages against Defendant;

B. Find for the Plaintiffs and award them attorney fees, court costs, and litigation expenses, including but not limited to, expert fees under 42 U.S.C. §1988;

C. Award pre-judgment and post judgment interest at the highest rate allowed, under the law;

D. Award Costs of Court; and

E. Grant other and further relief, reasonable and just, to which the Plaintiffs may be entitled to.

Respectfully Submitted by:

THE BERNOUDY LAW FIRM

By: /s/ *Michael L. Bernoudy, Jr.*
Jasmine M. Bernoudy
Missouri Bar No.: 78545
Michael L. Bernoudy, Jr.
Texas Bar No.: 24051882
P.O. Box 1351
Marshall, TX 75670
Telephone: (903) 935-4223
Fax: (903) 935-4228
Jasminebernoudy@gmail.com
MLBjr@bernoudylawfirm.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading was emailed to opposing at jjones@fridayfirm.com on this 16th day of October, 2026.

*/s/ Michael L. Bernoudy, Jr.*
Michael L. Bernoudy, Jr.