**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**ZOEY BACA, as mother of D.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., Deceased, and of Z.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., Deceased** **PLAINTIFF**

**VS.** **CASE NO. 4:26-CV-4047**

**MILLER COUNTY, ARK.** **DEFENDANT**

**MILLER COUNTY'S COMBINED MOTION TO STRIKE THE AMENDED COMPLAINT AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Comes Now Miller County, Arkansas, by and through its attorneys, and for its Combined[1] Motion to Strike Plaintiff's Amended Complaint and Response to Plaintiff's Motion for Leave to File an Amended Complaint state as follows:

1. Plaintiff filed this matter on June 9, 2026, Defendant timely answered the Complaint on July 13, 2026.

2. On July 23, 2026, Defendant filed a Rule 12(c) Motion for Judgment on the Pleadings, seeking complete relief and dismissal of the Complaint.

3. On October 16, 2026, Plaintiff filed an Amended Complaint in this action, without seeking permission to do so from either the Defendant or the Court.

4. Under Federal Rule of Civil Procedure 15, if a defendant has already filed an answer and Rule 12 motion, and 21 days have passed, a party needs either consent from the adverse

[1] Given that the Amended Complaint and subsequently filed Motion for Leave to File an Amended Complaint are inextricably linked, Defendant thought it best to file a combined Motion and Brief addressed the two. If the Court desires, I can amend and file separate documents for the Court's convenience.

party or leave of court to file an amended pleading. Fed. R. Civ. P. 15(a). In this case, the timeframe to amend as a matter of course was well expired.

5. Subsequently, Plaintiff did file a motion for leave to file an amended complaint. From Defendant's perspective, this was done both to circumvent the pending dispositive motion, and in an attempt to use discovery as a fishing expedition to validate claims.

6. The proposed amendment contains very little additional factual matter, and almost none of relevance. The proposed amendment would still fail to survive a Rule 12 challenge, and thus leave to amend should be denied as futile. The Defendant would incorporate its previous Motion for Judgment on the Pleadings and brief in support here as if stated word for word. This Combined Motion and Response is accompanied by a Brief in Support.

WHEREFORE, Defendant Miller County, Arkansas would request the Amended Complaint be stricken as untimely, deny the motion for leave as futile and unable to survive a facial challenge, grant its pending Motion for Judgment on the Pleadings, and for all other just and proper relief the Court determines proper.

Respectfully submitted,

By: Jamie Jones Walsworth

Jamie Jones Walsworth, #2003125
Daniel Woodyard, #2024128
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201
(501) 370-1430 – phone
(501) 244-5347 – fax
jjones@fridayfirm.com
dwoodyard@fridayfirm.com