**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**ZOEY BACA, as mother of D.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., Deceased, and of Z.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., Deceased** — **PLAINTIFF**

**VS.** **CASE NO. 4:26-CV-4047**

**MILLER COUNTY, ARK.** — **DEFENDANT**

**MILLER COUNTY'S BRIEF IN SUPPORT OF COMBINED MOTION TO STRIKE THE AMENDED COMPLAINT AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Comes Now Miller County, Arkansas, by and through its attorneys, and for its Brief in Support of the Combined[1] Motion to Strike Plaintiff's Amended Complaint and Response to Plaintiff's Motion for Leave to File an Amended Complaint state as follows:

## I. Background

Plaintiff's Amended Complaint should be stricken. Plaintiff filed the Amended Complaint after the period for amendment as a matter of course had expired, yet obtained neither Defendants' written consent nor leave of Court before filing it. *See* Fed. R. Civ. P. 15(a)(2). The absence of a final scheduling order does not excuse compliance with Rule 15 or authorize unilateral amendment. Courts within the Eighth Circuit have repeatedly recognized that an amended pleading filed without the required consent or leave of court is a legal nullity and subject to being stricken

[1] Given that the Amended Complaint and subsequently filed Motion for Leave to File an Amended Complaint are inextricably linked, Defendant thought it best to file a combined Motion and Brief addressed the two. If the Court desires, I can amend and file separate documents for the Court's convenience.

from the record. Accordingly, the Amended Complaint was improperly filed and should be stricken.

Even if the Court were to consider the proposed amendment, leave should be denied as futile. The amended allegations do not cure the deficiencies identified in Defendant's Motion for Judgment on the Pleadings and supporting brief. Rather than remedying the pleading defects already raised by Defendant, Plaintiff attempts to use amendment as a means of avoiding an a ruling on the sufficiency of the existing Complaint. The amendment adds virtually no meaningful factual content or new allegations that plausibly establish the elements necessary to sustain Plaintiff's claims.

Indeed, the proposed amendment highlights a more basic problem: it evidences Plaintiff initiated this action before possessing sufficient factual information to support a viable claim. The Federal Rules do not permit a litigant to file suit first and then rely on discovery (here, initial disclosures) as a fishing expedition to determine whether a cause of action might later be uncovered. Yet that is precisely what Plaintiff's amendment suggests. Despite the passage of time and the filing of an amended pleading, Plaintiff still cannot identify substantive facts that would cure the deficiencies previously identified by Defendant. Under these circumstances, amendment would serve no purpose other than to prolong litigation and delay resolution of Defendant's dispositive motion. The Amended Complaint should therefore be stricken and leave to amend should be denied as futile.

## II. Authorities & Arguments

### A. Motion to Strike

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts possess broad discretion in deciding motions brought under Rule 12(f). *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). A motion to strike is particularly appropriate where doing so would "streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010).

Plaintiff argues that because the Court has not entered a final scheduling order establishing a deadline for amendments, "there is currently not a date in place for Plaintiff to amend her complaint without leave of Court." ECF No. 22, ¶ 22. That argument conflates Rule 15 and Rule 16. Whether a scheduling-order deadline has expired bears on whether amendment is timely under Rule 16 and a court's scheduling order; it does not determine whether a party may file an amended pleading without obtaining leave of court under Rule 15 of the Federal Rules of Civil Procedure. As one court recently recognized in relation to a factually similar argument, the absence of an expired amendment deadline does not authorize a plaintiff to unilaterally file an amended complaint when Rule 15(a) otherwise requires leave of court. *Benth v. City of Williston Police Dep't*, 2026 WL 1493342 (D.N.D. May 28, 2026).

Rule 15 governs amendment of pleadings. Under Rule 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one days after serving it, twenty-one days after service of a responsive pleading, or twenty-one days after service of a motion under Rule 12. Fed. R. Civ. P. 15(a)(1). Those deadlines expired long before Plaintiff filed the Amended Complaint. Plaintiff filed the original Complaint on June 9, 2026. Defendant filed its Answer on July 13, 2026,

and its Rule 12 motion on July 23, 2026. Plaintiff's Amended Complaint was not filed within twenty-one days of any event identified in Rule 15(a)(1). Accordingly, Plaintiff could amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Even once a scheduling order has been entered a party needs leave to file an amended pleading.

Neither occurred here. Plaintiff did not obtain Defendant's written consent, nor was Defendant ever asked to provide it. Likewise, Plaintiff did not seek leave of Court before filing the Amended Complaint. Rather, Plaintiff filed the Amended Complaint first and only thereafter sought to justify the filing. Rule 15(a)(2) does not permit that procedure.

The Eighth Circuit has expressly held that an amended complaint filed without obtaining either written consent or leave of court is a legal nullity. *Morgan Distribution Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (adopting the reasoning of *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)). District courts throughout the Eighth Circuit have consistently applied that principle and stricken amended pleadings filed under materially identical circumstances.[2] Because Plaintiff filed the Amended Complaint outside the period permitted by Rule 15(a)(1) and without obtaining either Defendant's written consent or leave of Court, the Amended Complaint is a legal nullity and should be stricken.

Even if the Court were inclined to construe Plaintiff's proposed amendment, leave should be denied as futile. The proposed amendment does not cure the deficiencies identified in Defendant's Motion for Judgment on the Pleadings. Rather than supplying additional factual

---

[2] *Anderson v. Halliday, Watkins, Mann, PC,* 2025 WL 3641982, at *7, fn. 5 (D.S.D. Dec. 16, 2025) (denying subsequent motion for leave to file amended complaint after already filing the amended complaint out of time); *Willmon v. DG Logistics, LLC,* 2025 WL 2336850, at 2 (E.D. Mo. Aug. 13, 2025) (striking amended complaint filed without leave); *Alexander v. Halverson and Blaiser Group, Ltd.,* 2024 WL 3495804, at 2 (D. Minn. July 22, 2024) ("the Court must regard the Amended Complaint as 'a nullity'"); *White v. Ameren,* 2024 WL 1989026, at 2-3 (E.D. Mo. May 6, 2024) (striking even a pro se claimant's amended complaint); *Roers v. Bank of America, N.A.,* 2024 WL 1618362 (D. Minn. April 15, 2024).

allegations sufficient to state a plausible claim, Plaintiff largely repackages existing allegations while adding little of substantive significance. Indeed, the proposed amendment further demonstrates that Plaintiff initiated this action before possessing facts sufficient to support the claims asserted and now seeks to use discovery as a means of uncovering a viable theory of liability. The Federal Rules do not permit a plaintiff to file suit on speculation and then proceed on a fishing expedition in hopes of finding a claim. Because the proposed amendment adds no meaningful factual content addressing the deficiencies already identified by Defendant, leave to amend should be denied as futile as addressed below.

**B. Response to Motion for Leave to Amend**

Plaintiffs are correct that Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). That liberal standard, however, is not without limitation. The Eighth Circuit has repeatedly held that a district court may deny leave to amend upon findings of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Courts likewise routinely deny leave to amend where a proposed amendment is offered primarily to avoid dismissal without materially curing the defects identified in a dispositive motion. *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014).

That is precisely what occurred here. Plaintiff had the benefit of Defendant's Motion for Judgment on the Pleadings, which specifically identified the deficiencies in the Complaint. Yet rather than supplying factual allegations sufficient to cure those defects, Plaintiff merely repackaged the same conclusory assertions in slightly expanded form. In essence, the blueprint to overcome the Motion was provided, yet still ignored. The proposed amendment demonstrates that Plaintiff remains unable to plead facts sufficient to support the claims asserted, even after

Defendant expressly identified the elements that were lacking. Under such circumstances, the amendment serves as evidence of futility rather than justification for further amendment.

Specifically, the proposed amendment adds the following allegations:

> ¶ 11 changed the latter half of the sentence to "Steel, Jr. was unresponsive for a period of time and needed medical assistance."
> ¶ 13 changed the former part of the sentence to "Despite the screams of numerous inmates explaining that Mr. Steel needed assistance …"
> ¶ 16 "It is further believed that Mr. Steel's medical episode was brought about by the use/ingesting/contact with contraband/illegal drugs."
> ¶ 17 "It is the duty of the employees/staff of the Miller County jail to ensure that contraband/illegal drugs do not make their way into the jail facility."
> ¶ 18 "Miller County jail failed in its duty to ensure that contraband/illegal drugs do not make their way into the jail facility. On a monthly/yearly basis the Miller County jail has had numerous incidents of illegal drugs/contraband being in the jail facility."
> ¶ 19 "The employees of Miller County jail as a culture/practice/custom of bringing in drugs and contraband and allowing the same to be brought into the jail facility."
> ¶ 27 changed the latter half of the paragraph to add "but were given medical training that included first aid, CPR, and other courses that would aid in recognizing and responding to medical emergencies."
> ¶ 29 "The employees of the jail further brought in/allowed to be brought in drugs/illegal contraband which directly led to Mr. Steel's medical episode."
> ¶ 31 "The culture/practice/custom of allowing drugs/contraband into the jail and failing to properly supervise inmates to ensure their safety and well-being violated Mr. Steel's due process and equal protection rights."

The proposed amendment adds few relevant allegations. At most, Plaintiff now alleges that Decedent's medical emergency was caused by self-ingested contraband or illegal drugs and that jail personnel should have prevented those substances from ever entering the facility. Beyond that, Plaintiff merely adds conclusory references to a purported "culture," "practice," or "custom" of allowing contraband into the jail. The amendment therefore expands the theory regarding what caused the medical emergency, but it still fails to allege facts sufficient to establish municipal liability under § 1983.

As noted in Miller County's Motion for Judgment on the Pleadings and accompanying brief, Plaintiff must allege facts establishing the existence of a persistent pattern of unconstitutional

misconduct, deliberate indifference by policymaking officials, and that the alleged custom was the moving force behind the constitutional violation. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Moreover, the alleged pattern must be so pervasive and widespread as to have the force and effect of law. *Brewington v. Keener*, 902 F.3d 796, 802 (8th Cir. 2019).

First, Plaintiff still fails to allege a sufficiently widespread pattern of unconstitutional conduct. Plaintiff leaves intact the four other inmate incidents alleged in the original pleading. *Proposed Amended Complaint,* at ¶¶ 20-23. As Defendant previously noted, the Eighth Circuit requires that alleged similar incidents be both factually similar and evidence unconstitutional conduct. *Christianson v. McLean County*, 176 F.4th 1076, 1082 (8th Cir. 2026). At least two of Plaintiff's examples involve suicides, which bear insufficient factual similarity to Plaintiff's new allegation that Decedent died following the ingestion of contraband or illegal substances. *Proposed Amended Complaint*, at ¶¶ 20, 22. The remaining examples are likewise not alleged to involve materially similar facts. Merely identifying unrelated inmate deaths does not establish a municipal custom. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999). Nor does it demonstrate a pattern so pervasive and widespread as to constitute an unofficial policy having the force of law. *See also Jeffrey v. Salaam*, 2025 WL 14900361 (E.D. Ark. May 23, 2025). The amendment therefore still fails to plausibly allege the requisite pattern.

Second, Plaintiff still fails to allege deliberate indifference. Notably, neither the original Complaint nor the proposed amendment even uses the term "deliberate indifference." More importantly, the allegations themselves do not satisfy that standard. Plaintiff alleges only that Defendants "should have known" of potential dangers. *Proposed Amended Complaint* ¶ 30. A "should-have-known" theory, however, sounds in negligence, not deliberate indifference, and negligence is insufficient to support liability under § 1983. *Blair v. Bowersox*, 929 F.3d 981, 987-

89 (8th Cir. 2019). Plaintiff still pleads no facts demonstrating that County policymakers possessed actual knowledge of a pattern of constitutionally deficient conduct, much less that they consciously disregarded such a risk. *Christianson, supra*. Absent allegations of actual knowledge and deliberate disregard, the proposed amendment remains deficient in this regard.

Finally, Plaintiff still fails to plausibly allege causation. Plaintiff now alleges that Decedent's medical emergency was caused by his self-induced ingestion of contraband or illegal drugs. *Proposed Amended Complaint,* at ¶ 16. Plaintiff simultaneously alleges that inmate welfare checks were required every hour and that the Decedent's medical episode lasted approximately forty minutes. *Id*. at ¶¶ 13, 26. By Plaintiff's own allegations, therefore, a routine hourly welfare check might not have been required during the relevant timeframe. Thus, Plaintiff's own pleading undermines any assertion that a failure to conduct inmate checks caused the alleged injury. Instead, Plaintiff attempts to bridge the causation gap through the conclusory assertion that a "culture/practice/custom of allowing drugs/contraband into the jail" violated Mr. Steel's constitutional rights. *Id*. ¶ 31.

That allegation is entirely devoid of factual support. There is no allegation identifying who introduced contraband into the facility, how Decedent obtained it, whether any jail employee participated in or knew of such conduct, or whether any policymaker was aware of and deliberately indifferent to a pattern of similar incidents. Plaintiff likewise fails to allege facts plausibly connecting any purported custom to the specific injury alleged here. Consequently, Plaintiff still fails to establish that any municipal custom was the moving force behind the alleged constitutional violation.

In short, despite the benefit of Defendant's Motion for Judgment on the Pleadings identifying the precise deficiencies in the Complaint, Plaintiff remains unable to allege facts

establishing a widespread pattern, deliberate indifference, or causation. The proposed amendment merely repackages the same theories with additional conclusory language. Because the amendment does not cure the pleading deficiencies already identified by Defendant and would not survive dismissal, leave to amend should be denied as futile.

## III. Conclusion

The already-filed Amended Complaint should be stricken because it was filed outside the time permitted by Rule 15(a)(1) and without either Defendant's written consent or leave of Court. The pleading is therefore a legal nullity and serves only to circumvent a ruling on Defendant's pending Motion for Judgment on the Pleadings. Moreover, the proposed amendment does not cure the deficiencies identified by Defendant, but rather attempts to avoid adjudication of those deficiencies. Despite the benefit of Defendant's briefing, Plaintiff adds few material factual allegations and continues to rely on conclusory assertions insufficient under *Twombly* and *Iqbal*. Because the proposed amendment still fails to adequately plead a widespread custom, deliberate indifference, or causation, amendment would be futile and leave to amend should be denied.

Respectfully submitted,

By: Jamie Jones Walsworth ______________________

Jamie Jones Walsworth, #2003125
Daniel Woodyard, #2024128
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201
(501) 370-1430 – phone
(501) 244-5347 – fax
jjones@fridayfirm.com
dwoodyard@fridayfirm.com