**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**ZOEY BACA, as mother of D.S., a minor, NUMBER:**
**and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., DECEASED, and of Z.S., a minor, and as heir at law to the Estate of DOMINIQUE RASHAD STEEL, SR., DECEASED,**

**CIVIL ACTION**

**JUDGE**

**v.**

**MAGISTRATE JUDGE**

**MILLER COUNTY**

**JURY TRIAL**

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, by and through the undersigned counsel, comes Plaintiff, who respectfully files this reply brief in support of her motion for leave to filed amended complaint and asks leave of this Honorable to file Plaintiff's First Amended Complaint for the following reasons to wit:

1. Plaintiff has filed a motion asking for leave to amend her complaint. Defendant has opposed the motion. In its opposition, Defendant has not argued that it would be prejudiced. Defense simply mirrors its argument contained in its motion for judgment on the pleadings.

2. Whereas there is no prejudice in allowing Plaintiff to amend her complaint, the amending of same should be allowed in the interest of justice. When deciding pretrial issues and modifying deadlines a court should adhere to what serves **the best interests of justice**. *Gomez v. Trustees of Harvard University*, D.D.C. 1987, 676 F.Supp. 13. It is fundamental principle that pretrial procedure be **flexible**, with power reserved to trial judge to amend order or to permit departure from strict adherence to pretrial statements of either party when interests of justice

make such course desirable. *Cruz v. U.S. Lines Co.*, C.A.2 (N.Y.) 1967, 386 F.2d 803. See, also, *Clark v. Pennsylvania R. Co.*, C.A.N.Y.1964, 328 F.2d 591, certiorari denied 84 S.Ct. 1943, 377 U.S. 1006, 12 L.Ed.2d 1054.

3. The gist of Defendant's opposition is that allowing the amendment will not cure alleged defects in Plaintiff's pleadings.

4. Under Fed. R. Civ. P. 12(c) Plaintiff must plead sufficient facts to place Defendant on notice as to what behavior it is being sued for. The Court must accept as true all of the factual allegations contained in the complaint, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and must draw all reasonable inferences in favor of the non-moving party once a motion is filed against Plaintiff's complaint. Gorog v. Best Buy Co., Inc., 760 F.3d 787, 792 (8th Cir. 2014).

5. To maintain her suit, Plaintiff needs to plead facts to show that Defendant had (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

6. To establish a claim based on a custom, the plaintiff must allege "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Corwin v. City of Independence*, Mo., 829 F.3d 695, 700 (8th Cir. 2016).

7. In Plaintiff's amended petition it is alleged that Defendant has a custom of not adhering to applicable law when it comes to the monitoring of inmates. That they routinely leave them

unsupervised and that they have a custom of not adhering to their safety and medical needs. Examples are given of other inmates who have died when not being sufficiently supervised by Defendant's agents which Plaintiff believes shows a pattern of indifference.

8. It is further alleged that agents of the Defendant ignored the screams of other inmates after Dominique Steel collapsed. Plaintiff has alleged that Defendant failed to provide medical care to Mr. Steel. It was obvious to the lay people around Mr. Steel that his collapsing showed that he required medical attention. Defendant's agents ignored Mr. Steel's, making them liable for their indifference. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

9. Plaintiff further alleges in her amended complaint that Mr. Steel's medical episode was drug related. The cause of this episode is a custom of Defendant to allow its agents and others to bring drugs and contraband into the jail facility, which it has a duty to stop.

10. At the complaint stage of these proceedings Plaintiff only has a duty to sufficiently inform Defendant as to what actions it is being sued for under the applicable law. Plaintiff has no duty to show that she will be ultimately successful or that there is evidence to support her claims. Later in the proceedings, there are other motions that Defendant can file if the evidence does not support Plaintiff's claims. However, that is not the current status of these proceedings.

11. Finally, it should be noted that in its opposition Defendant states; "Plaintiff initiated this action before possessing sufficient factual information to support a viable claim. The Federal Rules do not permit a litigant to file suit first and then rely on discovery…"

12. The incident at issue in this litigation happened in a jail facility. Defendant controls all information that comes out of said facility. The true purpose of the motion for judgment on the pleadings is to stop Plaintiff from obtaining discovery and bringing to light the failures and

customary practices of Defendant. Justice should disallow Defendant from keeping its actions secret.

CONCULSION

13. Plaintiff has sufficiently plead facts to allow her suit to move forward. Plaintiff respectfully asks this Honorable Court to allow her to amend her suit as requested and to DENY Defendant's motion for judgment on the pleadings.

Respectfully Submitted by:

THE BERNOUDY LAW FIRM

By: /s/ *Jasmine M. Bernoudy*

Jasmine M. Bernoudy
Missouri Bar No.: 78545
Michael L. Bernoudy, Jr.
Texas Bar No.: 24051882
P.O. Box 1351
Marshall, TX 75670
Telephone: (903) 935-4223
Fax: (903) 935-4228
Jasminebernoudy@gmail.com
MLBjr@bernoudylawfirm.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading was served on this day through the Clerk's electronic filing system.

*/s/ Jasmine M. Bernoudy*
Jasmine M. Bernoudy